IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Veronica G. Blair, | ) |
| Plaintiff, | ) Civil Action No. 6:09-1936-HFF-WMC |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Truluck Enterprises, Inc., | ) |
| Defendant. | ) |

This matter is before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (doc. 6). The plaintiff alleges causes of action against her former employer for hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, breach of contract, and violation of the South Carolina Payment of Wages Act.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

At the time of the filing of the plaintiff's complaint, the defendant's motion to dismiss, and the plaintiff's response to the motion to dismiss, the plaintiff was represented by counsel. The plaintiff's attorney's motion to withdraw was granted by this court on September 15, 2009. The plaintiff is now proceeding *pro se*.

The plaintiff's basis for subject matter jurisdiction is 28 U.S.C. § 1331 (federal question jurisdiction) based on her Title VII claims. Title VII requires that a plaintiff must file any civil action within 90 days of receipt of such notice. 42 U.S.C. § 2000e-5(f)(1). The Fourth Circuit Court of Appeals strictly adheres to the 90-day rule. *See Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir.1993) (a lawsuit commenced 95 days after plaintiff received her right to sue letter from the EEOC was barred by the

90-day rule); *Harvey v. City of New Bern Police Dept*., 813 F.2d 652, 654 (4th Cir.1987) (barring Title VII claim where lawsuit was commenced 91 days after he received a right to sue letter from the EEOC).

The plaintiff's notice of right to sue was mail stamped February 23, 2009 (pl. resp. m. to dismiss, ex. 1). On February 17, 2009, the plaintiff contacted the EEOC investigator Mark Delledonne to inquire about the status of her conciliation letter[1] (pl. resp. m. to dismiss, ex. 2). The plaintiff did not receive her letter from Mr. Delledonne, so she telephoned Judy White. Ms. White is a former co-worker of the plaintiff who has also filed a lawsuit alleging sexual harassment against the defendant. Prior to March 5, 2009, the plaintiff asked Ms. White if she received her conciliation letter from the EEOC. Upon learning that Ms. White had received her letter, the plaintiff sent a letter to Investigator Delledonne on March 5th (pl. resp. m. to dismiss, ex. 2), which referenced their February 17th conversation regarding her non-receipt of her conciliation letter. In her letter to Investigator Delledonne, the plaintiff offered to pick up her file and conciliation letter directly from the EEOC office located in Greenville, South Carolina. The plaintiff also noted in the letter that she had called Investigator Delledonne several times following their February 17th conversation, but he had been out of the office. She stated as follows in the letter: ""[T]his is eating into my deadline time, and I do wish to go forward with this matter" (pl. resp. m. to dismiss, ex. 2). On April 22, 2009, the plaintiff personally picked up her file and conciliation letter from the EEOC office (pl. resp. m. to dismiss, ex. 2, 3).

The defendant argues that the plaintiff's complaint, which was filed on July 21, 2009, is untimely as it was not filed within 90 days of her receipt of the right to sue letter, and thus this court lacks jurisdiction over her claims. "When the actual date of the plaintiff's receipt of notice is unknown or in dispute, the court presumes receipt three days after

---

[1]As noted by the defendant, it appears that the plaintiff has used the terms "conciliation letter" and "notice of right to sue" synonymously.

2

mailing." *Dunbar v. Food Lion*, 542 F. Supp.2d 448, 450-51 (D.S.C. 2008).  Under the three-day rule, the court would presume the plaintiff received the notice on February 26, 2009, and her time for filing a complaint would expire on May 27, 2009.  The plaintiff argues that her complaint was timely because she actually received the notice on April 22, 2009.  She further argues that the court should apply the doctrine of equitable tolling and determine that the clock started on the date she actually received the notice.

"Fourth Circuit law is clear.  The court has explicitly rejected the 'actual receipt' rule adopted by other courts."  *Miller v. Bristol Compressors, Inc.*, C.A. No. 1:05-cv-00083, 2005 WL 3263053, *2 (W.D. Va. 2005) (citing *Harvey v. City of New Bern Police Dept.*, 813 F.2d 652 (4th Cir. 1987)); *accord Hughey v. Greenville Health System University Medical Center*, C.A. No. 6:07-297-HFF-BHH, 2009 WL 2170650, * 4 (D. S.C. July 20, 2009) (citing *Harvey*, 813 F.2d at 653-54).  In *Harvey*, the court noted that running the period from the date of claimed actual receipt would permit the limitations period to be "subject to manipulation at will."  813 F.2d at 654.  The Fourth Circuit Court of Appeals stated as follows in *Harvey*,

> The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay. This Congressional desire for expedition and the requirements of justice can best be served by the flexible rule of the Fifth and Eleventh Circuits [rejecting the actual receipt rule of the Seventh Circuit]. We therefore adopt this rule. In a case such as the one at bar, district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period. After reviewing the record before us, we are persuaded that no such grounds are present. Mr. Harvey knew of the right to sue letter within six days of its arrival and this left him eighty-four days to file his complaint. There has been no showing that this was not sufficient time within which to act.

*Id.* (emphasis added).

The defendant argues that where, as here, there is evidence of the plaintiff's knowledge of the conclusion of the EEOC process, courts applying *Harvey* start the clock

3

from the date of such knowledge – and not from the date of actual receipt. *E.g. West v. CSX Corp.*, C.A. No. JFM-05-3256, 2006 WL 373843, * 2 (D. Md. 2006) ("The record is replete with circumstantial evidence . . . showing that notwithstanding her allegation in the complaint, plaintiff was fully aware that the EEOC had dismissed her charge"). In other words, a charging party's awareness that the clock is ticking is enough to start the clock ticking, even in the absence of written notice. *See Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 115-16 (3rd Cir. 2003).

As argued by the defendant, the plaintiff's was "fully aware" of the conclusion of the EEOC process by March 5th at the latest. The plaintiff's March 5th correspondence shows that she was aware: (1) that the conciliation letter already issued and (2) that her time for filing a lawsuit was running: "I have not received the conciliation letter from you. . . . [T]his is eating into my deadline time . . . " (pl. resp. m. to dismiss, ex. 2). Giving the plaintiff the benefit of the doubt and starting the deadline clock on March 5th (even though she knew it already was ticking), the plaintiff's 90th day would have been June 3rd – 48 days before she actually commenced this action. For reasons the plaintiff does not explain, she waited until late April to pick up her file, even though she had known since early March that the clock was ticking. As in *Harvey*, she still had ample time in March to commence an action, but failed to act expeditiously as Congress and the Fourth Circuit require. This court finds no reasonable grounds exist for an equitable tolling of the filing period.

Based upon the foregoing, it is recommended that the defendant's motion (doc. 6) be granted.

s/William M. Catoe  
United States Magistrate Judge

November 12, 2009  
Greenville, South Carolina

4